■ In the Matter of JEFFREY GRUNE, Appellant, v PETER C. ALEXANDERSON, as the Putnam County Executive, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Putnam County Executive dated February 25, 1988, which denied the petitioner's request pursuant to Public Officers Law article 6 for access to a copy of the Putnam County Arson Control Plan, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Weiner, J.), dated July 8, 1988, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

The petitioner commenced this proceeding to compel the disclosure of the Putnam County Arson Control Plan (hereinafter the plan) for arson investigation pursuant to the Freedom of Information Law (Public Officers Law art 6). The respondents had denied his request for a copy of the plan, asserting, *inter alia,* that its disclosure would reveal nonroutine criminal investigative techniques or procedures *(see,* Public

Officers Law § 87 [2] [e] [iv]). The Supreme Court dismissed the petition. We reverse.

Since our review of the plan discloses that it contains provisions which are of a routine nature and thus subject to disclosure, we cannot assume, that in generally opposing the petition, the respondents intended to block access to the plan in its entirety. Nevertheless, while certain provisions of the plan are obviously innocuous, the respondents are ostensibly claiming that others fall within the statutory exemption (see, Public Officers Law § 87 [2] [e] [iv]). We note that in its judgment, the Supreme Court did not distinguish between the various portions of the plan and, moreover, the respondents did not identify with specificity those provisions of the plan which they claim to be immune from disclosure, and why. In light of the foregoing, we conclude that the matter should be remitted to the Supreme Court, Dutchess County, to afford the parties an opportunity to particularize their respective assertions. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.